People v Thomas (2024 NY Slip Op 00547)

People v Thomas

2024 NY Slip Op 00547

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, BANNISTER, OGDEN, AND DELCONTE, JJ.

955 KA 20-00479

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILLIE THOMAS, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIE THOMAS, DEFENDANT-APPELLANT PRO SE.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered February 18, 2020. The judgment convicted defendant, upon his plea of guilty, of conspiracy in the second degree and criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of conspiracy in the second degree (Penal Law § 105.15) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). As defendant contends and the People correctly concede, defendant's waiver of the right to appeal is invalid inasmuch as both the signed written waiver of the right to appeal and the oral waiver colloquy mischaracterized the nature of the right to appeal (see People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Jones, 186 AD3d 1069, 1070 [4th Dept 2020]). Nevertheless, contrary to defendant's contentions in his main and pro se supplemental briefs, we conclude that the sentence is not unduly harsh or severe. We have considered the remaining contentions in defendant's pro se supplemental brief and conclude that none warrants modification or reversal of the judgment.
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court